UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GE COMMERCIAL DISTRIBUTION FINANCE
CORPORATION, a Delaware corporation,

        Plaintiff,

                                                                Case Number 05-10195-BC
v.                                                             Honorable David M. Lawson

FROST HARDWARE COMPANY, d/b/a Mannion
Brothers Hardware, a Michigan corporation, GARY
A. FROST, CAROL J. FROST, BRIAN J. FROST,
and ANNE FROST, jointly and severally,

        Defendants.
_____ /

## TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR

      This matter is before the Court on the plaintiff's verified motion for possession pending final judgment filed August 1, 2005.  The plaintiff alleges that it advanced the amount of $762,918.22 to the defendant hardware company for the purchase of inventory.  The hardware company entered into a security agreement with the plaintiff in which it obligated itself to repay the debt upon the sale of each unit financed or within 720 days of each fund advancement.  The individual defendants guaranteed repayment.  The hardware company allegedly sold units "out of trust" and failed to make the required payments.  The plaintiff claims an entitlement to relief based on Michigan law as stated in Mich. Comp. Laws § 600.2920 and Mich. Ct. R. 3.105.  These provisions apply to a federal court sitting in Michigan.  *See* Fed. R. Civ. P. 64.  Pursuant thereto, the Court is required to issue a temporary restraining order and notice of hearing if good cause is shown that the collateral for the secured interest will be "damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value . . . unless the property is taken into custody by court order."  Mich. Ct. R.

3.105(E)(1)(b) & (2).  The collateral in the instant case is the defendant hardware company's inventory, equipment, fixtures, and the proceeds and products thereof.  In the verified motion, the plaintiff alleges that:

> 5.  Upon information and belief, the financial situation of Frost Hardware is critical as evidenced by its failure and refusal to be current in payments under the subject Security Agreement and its having sold various Units in which Plaintiff had a security interest without paying Plaintiff, as required by the subject Security Agreement.  Plaintiff's security interest in the Collateral may be its only avenue of satisfying its claims against Frost Hardware.
>
> 6.  The Collateral may be damaged, destroyed, concealed, disposed of or used so as to substantially impair its value prior to final judgment unless the Collateral is taken into custody . . . it may not be receiving normal and proper maintenance, care and, oversight as a consequence of Frost Hardware's financial distress.

Verified Mot. ¶¶ 5-6.  Based on the sworn statements in the verified motion, the Court finds that good cause has been shown.

Accordingly, it is **ORDERED** that the defendants refrain from damaging, destroying, concealing, using so as to substantially impair its value, or deposing of the collateral, except in the ordinary course of business, until further order of the Court.  If the defendants sell any of the collateral in the ordinary course of business, the defendants shall deposit all of the proceeds of the sale of the collateral in a separate bank account at an institution approved by the plaintiff.  No withdrawals from that account may occur until further order of the Court.

It is further **ORDERED** that a hearing on the verified motion for possession pending final judgment will be held on **August 25, 2005** at **10:00** in the forenoon at the U.S. Courthouse, 214 Post Office Building, Bay City, Michigan, 48708.

It is further **ORDERED** that if the defendants are aggrieved by the terms of this order, they may seek relief from the Court upon notification to the plaintiff 48 hours in advance.

It is further **ORDERED** that the plaintiff shall serve the defendants with a copy of the verified motion for possession pending final judgment and this order on or before **August 10, 2005**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 2, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS